# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TRACY MILLER, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> CANADIAN NATIONAL RAILROAD ) <br> CO. and ILLINOIS CENTRAL ) <br> RAILROAD CO., ) <br> ) <br> Defendants/Counter- ) <br> Plaintiffs, ) <br> ) <br> and ) <br> ) <br> GRAND TRUNK CORPORATION, ) <br> ) <br> Third-Party Plaintiff. ) | Case No.: 2:19-cv-02152-JTF-cgc |

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff/Counter-Defendant Tracy Miller ("Plaintiff") filed his Second Amended Complaint in this case on May 30, 2019. (ECF No. 35.) The Defendants, Canadian National Railway Company ("CN") and Illinois Central Railroad Company ("IC") ("Defendants"), together with Third-Party Plaintiff Grand Trunk Corporation ("Grand Trunk") (collectively "CN Parties"), filed Counterclaims/Third-Party Claims (hereinafter "counterclaims") against Plaintiff on June 13, 2019. (ECF No. 36.) Before the Court are the following three motions: Plaintiff's Motion to Dismiss Counterclaims, which was filed on April 24, 2019 (ECF No. 19); Plaintiff's Renewed

Motion to Dismiss Counterclaims ("Second Motion to Dismiss"), which was filed on May 16, 2019 (ECF No. 26); and lastly, Plaintiff's Motion to Dismiss Counterclaims ("Third Motion to Dismiss"), which Plaintiff filed on June 17, 2019 following his Second Amended Complaint and the CN Parties' renewed counterclaims. (ECF Nos. 37 & 38.) On July 15, 2019, the CN Parties filed a Response in opposition to Plaintiff's Third Motion to Dismiss. (ECF No. 43.) On October 15, 2019, the Court referred Plaintiff's three motions to dismiss to the Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636. (ECF No. 62.) The Magistrate Judge entered a Report and Recommendation ("R. & R.") on December 17, 2019, advocating that the Court deny as moot Plaintiff's first two motions to dismiss and deny his Third Motion to Dismiss in its entirety. (ECF No. 82.) Plaintiff filed objections to the Report and Recommendation on January 10, 2020. (ECF No. 86.) The Defendants responded to these objections on January 24, 2020. (ECF No. 87.)

For the following reasons, the Court finds that the R. & R. should be ADOPTED in part, Plaintiff's Motion to Dismiss and Second Motion to Dismiss DENIED as moot, and Plaintiff's Third Motion to Dismiss GRANTED in part and DENIED in part.

## **FINDINGS OF FACT**

In her R. & R., the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 82, 2-11.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may

still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

**1. Plaintiff's First and Second Motions to Dismiss**

Since the beginning of this case in August of 2019, Plaintiff has filed three complaints and three motions to dismiss. A careful review of the record reveals that the operative pleadings now before the Court are Plaintiff's Second Amended Complaint (ECF No. 35), Defendant's Second Amended Answer to the Second Amended Complaint (ECF No. 36, 1-18), and the CN Parties'

counterclaims included in the Defendant's Second Amended Answer (ECF No. 36, 19-39). Plaintiff's Third Motion to Dismiss attacks the CN Parties' counterclaims contained in the Defendant's Second Amended Answer. (ECF No. 38, 1.) The Court agrees with, and Plaintiff does not object to, the R. & R.'s recommendation to deny as moot Plaintiff's first two motions to dismiss because they no longer pertain to the operative pleadings in this case. (ECF No. 82, 11.) Plaintiff's Motion to Dismiss (ECF No. 19) and Plaintiff's Second Motion to Dismiss (ECF No. 26) should therefore be denied as moot.

### 2. Jurisdiction Over Defendants' Counterclaims

The CN Parties' raise five counterclaims against Plaintiff, seeking: I) a declaratory judgment that the restrictive covenants are enforceable against Plaintiff; II) a declaratory judgment that Plaintiff must forfeit his accrued benefits; and injunctive relief and damages for: III) breach of contract; IV) fraudulent misrepresentation; and V) unjust enrichment. (ECF No. 36, 31-37.) The parties agree that the counterclaims arise under Illinois state law and therefore do not raise a federal question, but they disagree whether the Court has jurisdiction over the counterclaims through another means. (ECF Nos. 38, 10 & 86, 1.) Plaintiff argues that the CN Parties' counterclaims should be dismissed because this Court lacks subject matter jurisdiction over them, pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 38, 9.) The CN Parties, by contrast, argue that Plaintiff's Motion should be denied because the counterclaims are compulsory, and even if it is found that they are not, the Court should still recognize them as permissive counterclaims and exercise supplemental jurisdiction over them. (ECF No. 43, 4 & 6) (citing Fed. R. Civ. P. 13(a) & (b)).

#### A. *Subject Matter Jurisdiction*

The R. & R. found that this Court has subject matter jurisdiction over the CN Parties' counterclaims because they are all compulsory. (ECF No. 82, 14.) Courts have subject matter

4

jurisdiction over compulsory counterclaims. *Parker v. Sadler*, No. 1:08-CV-57, 2008 WL 4191267, at *1 (E.D. Tenn. Sept. 8, 2008) (citing *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 382 (6th Cir.1984) (holding federal courts have jurisdiction over counterclaims that otherwise lack an independent basis for federal jurisdiction only if they are compulsory under Fed. R. Civ. P. 13(a)). A counterclaim is compulsory i.e., it must be brought against an opposing party, "if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). If a party fails to raise a compulsory counterclaim, they are forever barred from doing so in a separate action. *Sanders v. First Nat. Bank & Tr. Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). To determine whether a counterclaim is compulsory and thus, arises out of the same transaction or occurrence as the underlying claim, courts consider whether there is a logical relationship between the two claims. *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (citation omitted). Applying this "logical relationship" test requires courts to "determine whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims." *Id*. (emphasis in original) (quoting *Sanders*, 936 F.2d at 277). A partial overlap in issues of law and fact does not necessarily mean that two claims are logically related. *Id*.

### i. Breach of Contract, Fraudulent Misrepresentation, and Unjust Enrichment – Counterclaims III, IV, & V

Here, the CN Parties' first two counterclaims seek declaratory relief and for that reason, will be discussed in the following section. Setting those aside temporarily, the Court will first determine whether the Defendants' counterclaims for breach of contract (Count III), fraudulent misrepresentation (Count IV), and unjust enrichment (Count V) (hereinafter "counterclaims III-

5

V") are compulsory. These three counterclaims focus exclusively on Plaintiff's conduct and can thus be evaluated simultaneously.

The Court's challenge is to identify the subject matter of Plaintiff's complaint and determine whether each of the counterclaims arise out of the same transaction or occurrence as that subject matter. Fed. R. Civ. P. 13(a)(1). After taking on this challenge of comparing the complaint and counterclaims, the R. & R. found that "the central issue is determining the reasoning for the enforcement of the non-compete agreement against [Plaintiff]." (ECF No. 82, 14.) The Court agrees.

The base allegation of Plaintiff's complaint is that the Defendants' enforcement actions were discriminatory i.e., that the Defendants were motivated to treat him different than other similarly situated employees because of his race. (ECF No. 35.) Arguing against the notion that the counterclaims are compulsory, Plaintiff contends that his claims "center on Defendants' discriminatory and retaliatory acts against him due to his race and, his complaints about race discrimination" and thus, "share no 'logical relationship'" with the counterclaims. (ECF No. 45, 3.) In contrast, the CN Parties' counterclaims III-V assert that the Defendants' enforcement actions were taken in response to Plaintiff's breach of the restrictive covenant, not to racially discriminate against him. (ECF No. 43, 4-6.) When these competing claims are considered side-by-side, it is clear, as demonstrated by the R. & R., that the Defendants' reasoning, or motivation for enforcing the restrictive covenant against Plaintiff is the subject matter of the complaint, and the counterclaims arise out of those same transactions. Were the Defendants' actions racially discriminatory or were they motivated by a desire to protect a legitimate business interest jeopardized by Plaintiff's breach? While only answerable by a trier of fact, the Court finds that the questions raised by the parties' competing claims are logically related—each of them stems

from the motivation behind Defendants' actions and Plaintiff's obligations under his employment contract.

As the R. & R. concluded, although the facts and issues of law raised by Plaintiff's claims and the CN Parties' counterclaims are "not identical, [] they are 'largely the same,' and substantially the same evidence would support or refute both." (ECF No. 82 14.); *Bauman,* 808 F.3d at 1101. Assessing whether the Defendants' actions against Plaintiff were discriminatory, would require a jury to evaluate whether they believe the Defendants' actions were racially motivated or not. Evaluating the Defendants' motivation would necessarily require the jury to consider the possibility that the Defendants' actions were driven by something other than race. This, in turn, would lead to a consideration of the Defendants' defense that enforcement actions were taken to protect their legitimate business interests, not to discriminate against Plaintiff because of his race.

Furthermore, determining whether Plaintiff was disparately treated will require a jury to consider Plaintiff's circumstances relative to other similarly situated employees, such as: the terms of their restrictive covenants compared to Plaintiff's, if and when the other employees exercised stock options, whether they obtained employment from a competitor, and how they communicated with the Defendants regarding those decisions. Therefore, evidence of contract scope and interpretation will likely be introduced by Plaintiff to support his claim of disparate treatment. This same evidence would also be relied upon by the CN Parties to support their counterclaims that Plaintiff breached his contract, fraudulently misrepresented himself while under contract, and was unjustly enriched as a result. The Court finds, in other words, that substantially the same evidence used to refute Plaintiff's claims of racial discrimination, would simultaneously support the CN Parties' counterclaims III-V. It would be impossible for this Court to adjudicate Plaintiff's rights and treatment under the restrictive covenants without considering the CN Parties' rights

7

under those same covenants. *See Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995) (holding that a counterclaim for indemnity was compulsory because it arose out of the same paragraph in the contract as the plaintiff's contractual indemnity claim and "it would be impossible to adjudicate" one party's contractual rights without determining the other's).

Therefore, counterclaims III-V for breach of contract, fraudulent misrepresentation, and unjust enrichment are compulsory, and this Court has subject matter jurisdiction over them. Plaintiff raises a general objection to this conclusion but does not offer any specific argument to persuade this Court that the R. & R.'s determination was flawed. *See Brown*, 47 F. Supp. 3d at 674 (encouraging the court to adopt any portion of the R. & R. not receiving any specific objection). The Magistrate Judge's recommendation to deny Plaintiff's motion to dismiss these counterclaims should be adopted.

### ii. Declaratory Judgments – Counterclaims I & II

Having determined that the conduct-related counterclaims, Counts III-V, are compulsory, the Court turns its attention to the Defendants' first two counterclaims seeking declaratory relief. Unlike the last three counterclaims, which focus on Plaintiff's conduct and will naturally arise as defenses against Plaintiff's complaint, counterclaims I & II seek something entirely different. The CN Parties are requesting a legal determination from the Court that the restrictive covenants in Plaintiff's employment contract are enforceable and that the benefits Plaintiff accrued must be forfeited. (ECF No. 36, 31-33.)

Plaintiff contends throughout his pleadings that his pending lawsuit in Illinois state court, challenging the validity of the restrictive covenant in his employment contract, should deter this Court from exercising jurisdiction over the CN Parties' counterclaims for declaratory judgment. (ECF Nos. 38, 13-14; 45, 2; & 86, 6.) The Illinois state court recently concluded that Plaintiff's

federal claims of racial discrimination and his state action seeking a declaratory judgment that the restrictive covenants are unenforceable, "are not the 'same cause'" and thus, should not be tried together. (ECF No. 38-1, 10.) Plaintiff argues that this Court should follow Illinois' rationale because the CN Parties' counterclaims are not compulsory, and this Court lacks subject matter jurisdiction over them. (ECF No. 38, 5-6.)

The Defendants and the R. & R. reject Plaintiff's arguments, and instead, urge the Court to exercise jurisdiction over counterclaims I & II even though they call for a determination of Illinois law, which is currently being litigated in a separate lawsuit in Illinois. As the R. & R. points out, a pending action in state court generally does not bar the federal court from exercising jurisdiction over the same matter. (ECF No. 82, 16); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal district courts have a duty to adjudicate any claim that is properly before it and may only decline to exercise jurisdiction in "extraordinary and narrow" circumstances. *Id*. at 813-17.

The R. & R. evaluated the compulsory nature of all the counterclaims together and for the reasons explained in the previous section, found that the counterclaims seeking declaratory judgment were also compulsory. Primarily in footnotes, the R. & R. addresses the claims pending in Illinois state court but quickly concludes that they have no bearing on this Court's consideration of the counterclaims. (ECF No. 82 n.5.) However, this Court finds that applying the logical relationship test, as done to the other counterclaims, reveals that the counterclaims for declaratory judgment are not compulsory.

As determined above, the subject matter of Plaintiff's complaint, and the focus of this dispute, is the Defendants' motivation for its actions. The issue is whether counterclaims I & II, which are seeking declaratory judgment, arise from the same transaction or occurrence, i.e., are logically

9

related to this subject matter. *Bauman*, 808 F.3d at 1101. Plaintiff contends, and the Court agrees, that the counterclaims for declaratory judgment should be dismissed because "[t]he issue is not the validity of the covenants [under Illinois law], but *the Defendants' discriminatory intent* in trying to enforce them disparately against Plaintiff because of his race." (emphasis added) (ECF No. 86, 6.) The counterclaims for declaratory relief call for a legal determination from this Court that is unnecessary for it to make in adjudicating this case. Whether or not the restrictive covenants are lawful, and Plaintiff is or is not required to forfeit his accrued benefits, does not affect Plaintiff's claims of racial discrimination. Even if the restrictive covenants were unlawful, the CN Parties' counterclaims for breach of contract, fraudulent misrepresentation, and unjust enrichment could still be asserted as defenses to the complaint. In other words, the issues of law and fact raised by Plaintiff's complaint are not largely the same, nor would the complaint rely on substantially the same evidence as the CN Parties' counterclaims for declaratory judgment.

Therefore, the Court finds that it does not have subject matter jurisdiction over counterclaims I & II because they do not raise federal questions and are otherwise not compulsory. For these reasons, the Court declines to adopt the R. & R.'s recommendation to find subject matter jurisdiction over counterclaims I & II. Accordingly, Plaintiff's motion to dismiss these counterclaims should be granted.

### B. Supplemental Jurisdiction

It is unnecessary to explore the question of supplemental jurisdiction for counterclaims III-V because the Court has already found that it has subject matter jurisdiction over them. However, the Court is persuaded by Plaintiff's argument that it should decline to exercise supplemental jurisdiction over counterclaims I & II because these requests for declaratory judgment would substantially predominate the other claims, over which the Court has subject matter jurisdiction,

and because judicial economy favors declining to adjudicate these issues currently pending before an Illinois state court. (ECF No. 86, 7-8) (citing 28 U.S.C. § 1367(c)(2), (4)).

### 3. Validity of Remaining Counterclaims III, IV, & V

In addition to his jurisdictional challenges, Plaintiff argues that the CN Parties' counterclaims III-V for breach of contract, fraudulent misrepresentation, and unjust enrichment were inadequately pled and should be dismissed for failing to state claims under Fed. R. Civ. P. 12(b)(6). However, after analyzing each claim and finding that the pleadings were sufficient, the Magistrate Judge recommends that none of them be dismissed. (ECF No. 82, 19-21.)

First, the R. & R. found that the counterclaim for breach of contract (Count III), adequately alleged that Plaintiff participated in CN's Supplemental Employment Retirement Plan, CN's Long-Term Incentive Plan, and CN's Restricted Share Units Plan, that he breached certain restrictive covenants therein by accepting employment with a known competitor, CP, and that he engaged in competitive business activities for that company within a two-year period. (ECF No. 82, 18). As the R. & R. concluded, the CN Parties' counterclaim for breach of contract should not be dismissed because it contains enough facts to establish the claim under Illinois state law. (*Id*. at 17-19) (citing *Kelly v. Orrico*, 2014 IL App (2d) 130002, ¶ 23, 8 N.E.3d 1055, 1061) (A breach of contract claim under Illinois law requires the plaintiff to "establish the existence of a valid contract, plaintiffs' performance, defendants' breach, and damages."). Plaintiff's motion to dismiss the breach of contract counterclaim under should be denied.

Second, the Magistrate Judge found, contrary to Plaintiff's arguments, that the CN Parties pled their counterclaim of fraudulent misrepresentation (Count IV) with particularity, as required by Fed. R. Civ. P. 9(b), which provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." (ECF No. 82, 20.) As the R. & R.

11

described, the CN Parties' counterclaim included the specific time, place, and content of Plaintiff's alleged misrepresentation, as well as the fraudulent scheme itself, the intent Plaintiff had in executing the scheme, and the injury that resulted. (*Id*.) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)). Therefore, Plaintiff's motion to dismiss the counterclaim of fraudulent misrepresentation should also be denied.

Finally, the R. & R. found that the CN Parties' counterclaim of unjust enrichment (Count V) was adequately pled and should not be dismissed because Rule 8 of the Federal Rules of Civil Procedure specifically permits parties to plead alternative theories of recovery. (ECF No. 82, 20.) Under Illinois law, a party seeking unjust enrichment must plead the absence of a legal remedy provided by law. *Sherman v. Ryan*, 392 Ill. App. 3d 712, 734, 911 N.E.2d 378, 399 (2009). Here however, even though the CN Parties have argued the existence of a contract that would provide a legal remedy for their alleged damages, it is within the scope of Fed. R. Civ. P. 8(d)(2) for the CN Parties to also allege unjust enrichment as an alternative theory of recovery. Therefore, Plaintiff's motion to dismiss the counterclaim for unjust enrichment should be denied as well.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** in part the Magistrate Judge's Report and Recommendation, **GRANTS** Plaintiff's Third Motion to Dismiss counterclaims I & II, and **DENIES** Plaintiff's Third Motion to Dismiss counterclaims III, IV, and V. Additionally, Plaintiff's Motion to Dismiss (ECF No. 19) and Plaintiff's Second Motion to Dismiss (ECF No. 26) are hereby **DENIED** as moot.

**IT IS SO ORDERED** this 6th day of March 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge