IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TRACY MILLER,

    Plaintiff/Counter-Defendant,

v.                                                               Case 2:9-cv-02152-JTF-cgc

CANADIAN NATIONAL RAILWAY CO. and
ILLINOIS CENTRAL RAILROAD CO.,

    Defendants/Counter-Plaintiffs,

And

GRAND TRUNK CORPORATION,

    Third-Party Plaintiff

---

### ORDER DENYING MOTION TO COMPEL

---

Before the Court, by way of Order of Reference (D.E. # 146), is Plaintiff/Counter-Defendant Tracy Miller's ("Miller") May 21, 2021 Motion to Compel (D.E. # 139). Defendants/Counter-Plaintiffs Canadian National Railway Co. and Illinois Central Railroad Co. ("Defendants") filed their response on June 4, 2021. (D.E. # 143)  Miller filed his reply with leave of court on July 16, 2021.  (D.E. # 151)  Pursuant to notice, a hearing on the motion was held on July 22, 2021.  Having considered the motion, response, reply, arguments of counsel and the record as a whole, the Motion is DENIED.

Local Rule 26.1(b) governs discovery motions filed in the Western District of Tennessee. Among its requirements, LR 26.1(b) mandates that the motion to compel discovery **shall** "quote

1

verbatim or attach copies of each deposition question, interrogatory, reqest for admission or request for production to which objection has been taken or incomplete response has been given; and include the response and the grounds assigned for the objection (if not apparent from the objection), if any." Further parties may **only** file "those portions of the deposition, interrogatory, request for documents, request for admission, or response that are at issue." The purpose of these requirements is to narrow the focus of the motion to the specific requests and objections at issue so that the responding party and the court know what is at issue. In this case, Miller's motion does not specifically state what interrogatories or requests for production of documents are it issue in the motion. Exhibit 1 to the Motion lists one interrogatory and four requests for production of documents (in addition to citations to a December 17, 2019 order) and Exhibit 4 includes the complete set of interrogatories, requests for production of documents and Defendants' responses. The memorandum discusses information that Miller believes should be produced by Defendants but does not tie any of that to the specific interrogatory or requests at issue. This method of presentation requires to court to sift through the approximately 710 pages filed as the motion, memorandum and exhibits to attempt to determine exactly what is at issue in the motion. There is no logical way that the court can grant the motion when the motion is not clear as to the relief sought. The Local Rule is promulgated to prevent this unnecessary waste of judicial resources.

This motion would be denied without prejudice to refile in conformance with LR 26.1 but for the second failing. On May 28, 2019, U.S. District Judge John T. Fowlkes entered the Scheduling Order (D.E. # 31) that controls this case.[1] In pertinent part, the Order required that:

---

[1] There have been subsequent amendments to the May 28, 2019 Order that modify dates but none modify the language discussed herein.

2

> "Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown or the objection to the default, response, answer, or objection is waived.  (D.E. # 30, PageID 522)

The interrogatories and request for production of documents were tendered to Defendants on July 5, 2019.  (D.E. # 139-4, PageID 1943)  Defendants responses were tendered to Miller on July 18, 2019.  (D.E. # 139-4, PageID 1952)  At that point, the close of discovery was November 22, 2019.  (D.E. # 31, PageID 521)  On December 1, 2019, an amended scheduling order was entered which changed the close of discovery to March 31, 2020.  (D.E. # 80, PageID 1297)  Seven[2] subsequent scheduling orders further extended discovery ultimately to March 26, 2021.  (D.E. # 131, PageID 1734)  Despite these extensions, Miller waited an additional 56 days before filing the instant motion.

Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir.2002)[3] (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)).  Fed. R. Civ. P. 6(b)(2) permits the court to extend the time to act (after the time to act has expired) upon a finding of good cause if the party failed to act because of excusable neglect.  The Rule 6(b) excusable neglect standard requires the court to consider five factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and

---

[2] The last two amended scheduling orders did not change the discovery deadline.

[3] Some Circuits end the inquiry once there is a finding that the movant was not diligent in following the scheduling order.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

its impact on the case, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith despite the delay. Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006).

Miller's motion did not address any of the factors because counsel did not recognize that the motion was untimely. At the hearing when given an opportunity to provide good cause for the delay, Miller's counsel stated that the parties had been engaged in ongoing discussions to resolve the issues raised in the motion. While the court encourages parties to attempt to resolve matters prior to seeking court intervention, Miller has known for as long as two years or at least one year[4] that Defendants' responses were arguably deficient. The Court finds that there is a danger of prejudice to the non-moving party. The dispositive motion deadline is October 18, 2021. The most recent scheduling order extension on May 3, 2021 did not extend the discovery deadline and only contemplated the need to take depositions that were delayed by the COVID-19 pandemic. There was no mention of the need to resolve further written discovery matters. With regard to the remaining factors, the reason for the delay is entirely within the control of Miller. Miller had ample time prior to the expiration of the deadline in which to file the instant motion.

For the above reasons, the motion is DENIED.

**IT IS SO ORDERED** this 23rd day of July, 2021.

                                                       s/ Charmiane G. Claxton
                                                       CHARMIANE G. CLAXTON
                                                       UNITED STATES MAGISTRATE JUDGE

---

[4] Miller's counsel argued that it was only after the August 12, 2020 deposition of John Orr that the deficiencies came to their attention.

4